# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: <br>     **MEGAN P. THOMAS** <br>     *Debtor* <br><br>-------------------------------------------------- <br><br> **CHRISTOPHER W. SPAGNOLA** <br> **NATALIE SPAGNOLA** <br>     *Appellants* <br><br> v. <br><br> **MEGAN P. THOMAS,** <br> **KERRY PAE AND KERRY PAE AUCTIONEERS,** <br> **M&T BANK,** <br> **YORK COUNTY TAX CLAIM BUREAU, UNITED STATES TRUSTEE,** <br>     *Appellees* | Chapter 13 <br><br> Case No. 1:15-bk-00825-RNO |

## APPELLANTS' STATEMENT OF ISSUES
## PRESENTED ON APPEAL AND DESIGNATION OF RECORD

COME NOW, this 16th day of January, 2018, Christopher and Natalie Spagnola, the Appellants, by and through Counsel, the CGA Law Firm, E. Haley Rohrbaugh, Esquire, pursuant to Federal Rule of Bankruptcy Procedure 8006, and do hereby submit the within statement of issues to be presented on appeal and designate the following items to be included in the record on appeal as follows:

I. <u>Statement of Issues Presented on Appeal.</u>

   a. Whether the Bankruptcy Court committed an error of law or an abuse of discretion in denying the Motion to Compel the Sale of 3414 Trone Road, Glenville, Pennsylvania to Christopher and Natalie Spagnola, the successful high bidders at the Absolute Auction, including and without limitation:

      i. Whether the Bankruptcy Court committed an error of law or abuse of discretion in finding that the confirmed Chapter 13 Plan modifying the loan of M&T Bank, to which M&T Bank did not object, was not final and binding on M&T Bank and the Debtor;

      ii. Whether the Bankruptcy Court committed an error of law or abuse of discretion in finding that the language in the confirmed Chapter 13 Plan was general and/or ambiguous and/or not conspicuous enough to provide notice to M&T Bank that its claim would not be paid in full, but "up to the full amount of its claim";

      iii. Whether the Bankruptcy Court committed an error of law or abuse of discretion in finding that Paragraph 16 of the Sale Order is "specific" and is not ambiguous, even considering the confirmed Plan modifying M&T Bank's loan and considering the Absolute Auction contract approved by the Court;

      iv. Whether the Bankruptcy Court committed an error of law or abuse of discretion in finding that as a Court of limited jurisdiction it is unable to, and refused to, consider the evidence and law presented supporting that the Auction was Absolute and the highest bid was sufficient;

      v. Whether the Bankruptcy Court committed an error of law or abuse of discretion in sustaining the objection of the Debtor and not awarding Attorneys' fees and other damages to Appellants when the Debtor failed to file the required Motion pursuant to 11 U.S.C. § 363 thereby forcing the Purchasers to file the Motion;

      vi. Whether the Bankruptcy Court committed an error of law or abuse of discretion in sustaining the objection of the Auctioneer and not awarding Attorneys' fees and other damages to Appellants via

disgorgement of the Auctioneer's and his firm's fees for conduct in advertising and conducting the Absolute Auction;

vii. Whether the Bankruptcy Court committed an error of law or abuse of discretion in sustaining the objection of M&T Bank when it had already forfeited numerous opportunities to ensure that its claim would be paid in full when it failed to object to the Motion to Employ the Auctioneer, when it failed to object to the confirmation of the Confirmed Plan, when it failed to object during the Adversary Complaint and the Order approving the sale of the Property, and when it failed to appear at the Auction to place a credit bid as allowed by 11 U.S.C. § 363(k);

viii. Whether the Bankruptcy Court committed an error of law or abuse of discretion in not finding that the Movants are Good Faith Purchasers under 11 U.S.C. § 363(m), and the sale to Purchasers at the price of their highest bid in the best interests of the Bankruptcy Estate; and

ix. Whether the Bankruptcy Court committed an error of law or abuse of discretion in ruling that the integrity of the Bankruptcy sale process was not necessary in deciding the dispute when there was evidence of collusion and/or bad faith by the objecting parties.

II. Designation of Record

Appellants designate the following items to be included in the record on appeal:

1. Docket #50 – First Amended Chapter 13 Plan.

2. Docket #57 – Adversary Complaint filed at Adversary Case No. 1:15-ap-00156.

3. Docket #62 – Order Confirming Amended Chapter 13 Plan.

4. Docket #73 – Adversary Complaint filed at Adversary Case No. 1:16-ap-0003.

5. Docket #75 – Application to Employ Kerry Pae Auctioneers

6. Docket #107 – Motion to Approve and Compel Sale of Property Free and Clear of Liens (including all attached exhibits).

7. Docket #111 – Objection to Motion to Approve and Compel Sale of Real Estate Free and Clear of Liens and Encumbrances.

8. Docket #112 – Objection to Purchasers' Motion to Approve and Compel Sale of Real Estate Free and Clear of Liens and Encumbrances.

9. Docket #113 – Supplemental Answer to Purchasers' Motion to Approve and Compel Sale of Real Estate Free and Clear of Liens and Encumbrances.

10. Docket #117 – Answer to M&T Bank's Objection (including all attached exhibits.)

11. Docket #118 – Answer to Objection of Debtor and Auctioneer (including all attached exhibits.)

12. Docket #119 – Motion for Relief from the Automatic Stay.

13. Docket #123 - Withdrawal Motion for Relief from Automatic Stay

14. Docket #126 – Brief in Support of Motion to Approve and Compel Sale of Real Estate Free and Clear of Liens and Encumbrances.

15. Docket #130 – Brief in Opposition.

16. Docket #131 – Brief re: Motion to Sell.

17. Docket #133 – Brief (Surreply Brief) in Response to Briefs of Debtor, Auctioneer, and M&T Bank.

18. Docket #139 – Order Denying Motion for Sale of Property Free and Clear of Liens.

19. Docket #145 – Transcript of hearing held September 7, 2017.

20. Docket #146 – Transcript of hearing held December 21, 2017.

Respectfully submitted,

**CGA LAW FIRM, P.C.**

/s/ E. Haley Rohrbaugh, Esquire
E. Haley Rohrbaugh, Esquire
Supreme Ct. I.D. No. 323803
135 North George Street
York, PA 17401
(717) 848-4900
hrohrbaugh@cgalaw.com
*Counsel for Appellants*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>      **MEGAN P. THOMAS**<br>      *Debtor*<br>-------------------------------------------------<br>**CHRISTOPHER W. SPAGNOLA**<br>**NATALIE SPAGNOLA**<br>      *Appellants*<br><br>v.<br><br>**MEGAN P. THOMAS,**<br>**KERRY PAE AND KERRY PAE**<br>**AUCTIONEERS,**<br>**M&T BANK,**<br>**YORK COUNTY TAX CLAIM**<br>**BUREAU, UNITED STATES**<br>**TRUSTEE,**<br>      *Appellees* | Chapter 13<br><br>Case No. 1:15-bk-00825-RNO |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 16, 2018, a true and correct copy of the foregoing document filed in the above-captioned matter was served via ECF on the following parties:

Robert E. Chernicoff, Esquire

                                       /s/ E. Haley Rohrbaugh, Esquire
                                       E. Haley Rohrbaugh, Esquire

{01410768/1}